UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEXANDER RAMIREZ-GABRIEL,

Petitioner,

v. Case No. 2:26-cv-1191-JES-DNF

MARKWAYNE MULLIN, et al.,

Respondents.
_______________________________/

**ORDER AND NOTICE TO RESPONDENTS**

Before the Court is Petitioner Alexander Ramirez-Gabriel's petition for writ of habeas corpus (Doc. 1). Despite being directed to do so twice (Doc. 3; Doc. 6), the government has not responded to the petition, and the time to do so has passed. Petitioner now moves for a clerk's default (Doc. 8). For the reasons below, the Court grants Petitioner's motion for an entry of default, and orders Petitioner released from custody.

Ramirez-Gabriel is a citizen of Mexico. He entered the United States without inspection in 2013 and was not apprehended upon arrival. (Doc. 1 at 3). He has been in immigration detention since February 11, 2026, presumably held under the mandatory detention provisions of 8 U.S.C. § 1225(b). (Doc. 1 at 5).

On April 15, 2026, Petitioner challenged the legality of his continued mandatory detention in a petition for writ of habeas corpus. (Doc. 1). Following review of the Petition, the Court

directed Respondents to file a response demonstrating why it should not be granted. (Doc. 3). When no response was filed, the Court entered an order to show cause directing Respondents to show cause why they should not be subject to sanctions for failure to comply with a court order. (Doc. 6). Once again, Respondents failed to comply.

Under Rule 55(d) of the Federal Rules of Civil Procedure, a default judgement may be entered against the United States if the claimant establishes a right to relief. Petitioner asserts that he is being held under the mandatory detention provisions of § 1225(b)(2). Respondents have not argued otherwise. In Hernando Alvarez v. Warden, Federal Detention Center Miami, Nos. 25-14065, 25-14075, 2026 WL 1243395 (11th Cir. May 6, 2026), the Eleventh Circuit has determined that noncitizens such as Petitioner are not subject to mandatory detention under § 1225(b). Thus, Petitioner is being illegally detained.

Accordingly, it is **ORDERED:**

1. Alexander Ramirez-Gabriel's motion for a clerk's entry of default (Doc. 8) is **GRANTED.**

2. Respondents shall release Ramirez-Gabriel from custody within **TWENTY-FOUR (24) HOURS** of this Order and are **TEMPORARILY RESTRAINED and ENJOINED** from detaining him under 8 U.S.C. § 1226(a) for **FOURTEEN (14) DAYS** from release. Should Respondents elect to later detain Ramirez-Gabriel under that statute after that date,

Respondents are **DIRECTED** to release him within ten days of his detainer unless he is provided with a bond hearing before an immigration judge during that ten-day period.

3. On **Friday, May 15, 2026**, the federal respondents must show cause why they should not be sanctioned for failing to comply with two Court orders, including by being required to pay Ramirez-Gabriel's attorney's fees and costs, under the following rules and/or the Court's inherent powers. Counsel for Respondents must appear **in-person**. See Fed. R. Civ. P. 11; Local Rule 2.01(b)(2)(c); Local Rule 2.01(e); Fla. Bar R. 4-1.1; Fla. Bar R. 4-3.1; Fla. Bar R. 4-3.3; and Fla. Bar R. 4-8.4. A separate notice will issue.

4. The Clerk shall provide a copy of this Order to the Fort Myers U.S. Attorney's Office.

**DONE AND ORDERED** in Fort Myers, Florida on May 12, 2026.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE